IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY L. POPE,

    Petitioner,

vs.

D. K. SISTO, Warden,

    Respondent.

No. C 07-0434 CRB (PR)

ORDER TO SHOW CAUSE

Petitioner, a state prisoner incarcerated at California State Prison, Solano, has filed a pro se Second Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("SAP").

**BACKGROUND**

Petitioner pleaded no contest to attempted second degree robbery, and admitted having suffered three prior felony convictions, in Alameda County superior court. On April 2, 2004, he was sentenced to 19 years in state prison.

Petitioner did not appeal, but unsuccessfully sought collateral relief from the state courts. On January 17, 2007, the Supreme Court of California denied his final petition for state habeas relief.

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Claims</u>

Petitioner seeks federal habeas corpus relief by raising several claims, including ineffective assistance of counsel, prosecutorial misconduct and improper sentencing.

A defendant who pleads guilty (or no contest) cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty (or no contest). <u>See</u> <u>Haring v. Prosise</u>, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); <u>Tollett v. Henderson</u>, 411 U.S. 258, 266-67 (1973) (same); <u>Moran v. Godinez</u>, 57 F.3d 690, 700 (9th Cir. 1994) (refusing to consider contention that petitioner's attorneys were ineffective because they failed to attempt to prevent the use of his confession as pre-plea constitutional violation); <u>see also</u> <u>Hudson v. Moran</u>, 760 F.2d 1027, 1030 (9th Cir.) (finding no constitutional violation where defendant was not informed that guilty plea would foreclose subsequent habeas relief), <u>cert. denied</u>, 474 U.S. 981 (1985). Petitioner's claims of pre-plea constitutional violations accordingly are DISMISSED. Liberally construed, his other claims appear minimally cognizable

under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the SAP and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

1     4.    Petitioner is reminded that all communications with the court must
2  be served on respondent by mailing a true copy of the document to respondent's
3  counsel. Petitioner must also keep the court and all parties informed of any
4  change of address.
5  SO ORDERED.
6  DATED: Dec. 14, 2007
                                        CHARLES R. BREYER
7                                       United States District Judge