IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. POPE, ) | |
| ) | |
| Petitioner, ) | No. C 07-0434 CRB (PR) |
| ) | |
| v. ) | ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |
| ) | |
| D. K. SISTO, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a state prisoner incarcerated at California State Prison, Solano, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging his plea agreement and sentence. For the reasons set forth below, the petition is DENIED.

**STATEMENT OF THE FACTS**

On December 26, 2002, petitioner went to a Walgreen's drug store in Oakland and gave the cashier a note stating, "I have a gun. Be quiet, give me the money." Respondent's Memorandum in Support of Points and Authorities in Support of Answer ("Answer") at 2:11-17. The cashier responded that she could not open the register and had no money. Id. Petitioner fled the store on foot and was subsequently apprehended by police about a block away from the Walgreen's store. Id.

## STATEMENT OF THE CASE

On February 17, 2004, petitioner pleaded no contest to attempted second degree robbery in the Superior Court of the State of California in and for the County of Alameda. In its complaint against petitioner, the state alleged nine prior felony convictions. As part of a plea agreement, petitioner admitted three of the prior felony convictions as "serious felonies" under California Penal Code § 667(a), and admitted that one of the three serious felonies was also a "strike" felony conviction under California Penal Code § 667(e). In exchange for his plea and admissions, petitioner was sentenced to 19 years in state prison (two years for attempted robbery, doubled due to the strike admission, plus five years for each of the three serious felony convictions). Petitioner did not appeal his conviction.

On December 16, 2004, petitioner began collaterally challenging his conviction and sentence in the state courts. Petitioner filed petitions for writs of habeas corpus in Alameda County Superior Court, the California Court of Appeal, and the Supreme Court of California. The Supreme Court of California denied his final petition for a writ of habeas corpus on January 17, 2007.

On January 23, 2007, petitioner filed the instant federal action for a writ of habeas corpus under 28 U.S.C. § 2254. On July 24, 2007, petitioner filed a second amended petition for a writ of habeas corpus, in which he challenged his conviction and sentence on 11 grounds. Per order filed on December 14, 2007, the Court dismissed petitioner's claims of pre-plea constitutional violations, which consisted of claims 1 through 6. The Court preserved petitioner's remaining claims, finding that, when liberally construed, the petition stated minimally cognizable claims, and ordered respondent to show cause why a writ of habeas corpus should not be granted. On March 6, 2008, respondent filed a

motion to dismiss petitioner's writ of habeas corpus as untimely, claiming that petitioner's motion was filed beyond the one-year statute of limitations. Per order dated November 10, 2008, the Court denied respondent's motion to dismiss, and again ordered respondent to show cause as to why a writ of habeas corpus should not be granted. On March 5, 2009, respondent filed a memorandum of points and authorities in support of its answer to the Court's order to show cause.

Now before the Court are petitioner's five remaining grounds for habeas relief: (1) that the California Penal Code has no specified sentence for second degree attempted robbery; (2) that petitioner should not be required to serve 80 percent of his sentence; (3) that three strikes cases cannot be used in plea agreements; (4) that the abstract of judgment does not accurately reflect the convictions to which petitioner admitted as part of his plea; and (5) that the prior convictions cannot be used as sentence enhancements because they were not proven by a jury.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based

3

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. Id.

///

4

///

B.  Claims

### 1.  Sentence for Second Degree Attempted Robbery

Petitioner claims that the California Penal Code provides "no specific time guidelines" for the crime of attempted robbery. Second Amended Petition for a Writ of Habeas Corpus ("Petition") at 6, continuation at 1. This claim is without merit.

Petitioner pleaded no contest to attempted second degree robbery in violation of California Penal Code §§ 211 and 664. Petition Ex. D at 5:8-11. Petitioner correctly notes that California Penal Code § 212.5(c), which defines second degree robbery, does not specify a sentence for the crime. However, the California Penal Code explicitly provides for a punishment of "imprisonment in the state prison for two, three, or five years" for second degree robbery. Cal. Penal Code § 213(a)(2). Attempted crimes are punishable by "one-half the term of imprisonment prescribed upon a conviction of the offense attempted." Cal. Penal Code § 664. Contrary to petitioner's assertion, the California Penal Code specifies possible sentences for the crime of second degree attempted robbery.

A related claim not explicitly advanced by petitioner is that the sentencing judge may not have given an appropriate sentence based on the penal code provisions. In sentencing petitioner for attempted second degree robbery, the court stated, "For his conviction of attempted second-degree robbery, he's sentenced to the midterm of two years." Petition, Ex. E at 1:11-13. The judge doubled the sentence based on petitioner's admitted strike conviction and added five years for each admitted "serious felony" resulting in a total sentence of 19 years. If the court truly meant to sentence petitioner to the "midterm" sentence,

5

his sentence would have been 1.5 years (half of the midterm 3 year sentence because it is an attempted crime), doubled due to the strike conviction for a total of 3 rather than 4 years, prior to serious felony enhancements.

But, even if petitioner had explicitly advanced and exhausted a claim that his sentence was improperly calculated or that California sentencing law was misapplied, his claim would not be actionable under federal habeas law absent a showing of fundamental unfairness. Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) (holding that "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief"); see also Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding that whether assault with deadly weapon qualifies as a "serious felony" under California's sentence enhancement provisions is a question of state sentencing law and does not state a constitutional claim).  Here, it is difficult to argue that a two year sentence for attempted second degree robbery is fundamentally unfair.  The law allows up to 5 years imprisonment for second degree robbery and, in turn, 2.5 years for attempted second degree robbery.  With petitioner's admitted strike conviction and prior "serious felony" convictions, petitioner was subject to a maximum penalty of 20 years imprisonment. Petitioner actually received a sentence of less than the statutory maximum.

Furthermore, petitioner entered his plea with the understanding that he would be sentenced to 19 years, the sentence he ultimately received:

> [THE COURT: ] I understand there is a disposition in this matter in which Mr. Pope will be pleading no contest to the first count, attempted second degree robbery, with the understanding that I'll find him guilty of that offense. . . .
>
> With the understanding, then, that he would receive the midterm of two years on the attempted robbery doubled because of the strike for a total of four. Consecutive to that, he would receive five years for each of the serious felony 667(a) priors for a total of 15 years on the priors for an overall total of 19 years in State Prison.

> Is that your understanding, Mr. CROFTON?
>
> MR. CROFTON: That is my understanding.  It's also Mr. Pope's understanding.
>
> THE COURT:  Mr. Pope?
>
> THE DEFENDANT: Yes.

Petition Ex. D at 2:7-28.  Because petitioner entered into his plea agreement with the knowledge that he would receive a sentence of 19 years, and because this sentence does not exceed the statutory maximum given his admitted prior convictions, petitioner's sentence is not fundamentally unfair and actionable in federal habeas.  See Christian, 41 F.3d at 469.

### 2. Requirement to Serve 80 Percent of Sentence

Petitioner claims that he should not be required to serve 80 percent of his sentence because his priors were stricken under California Penal Code § 1385.  Petition at 6, continuation at 1.  This claim is without merit.

Petitioner's contention is inconsistent with the California Penal Code, which provides that "if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior [strike] felony convictions, . . . [t]he total amount of credits awarded . . . shall not exceed one-fifth of the total term of imprisonment imposed. . ."  Cal. Penal Code § 1170.12.  Put simply, a defendant convicted of a felony and a prior strike conviction may receive no more than 20 percent "credit" on his sentence, meaning he must serve at least 80 percent of his sentence.

Here, petitioner admitted to three prior serious felony convictions, one of which he admitted was a "strike" felony.  Petition Ex. D at 2:7-28.  Petitioner also understood at the time of his change of plea hearing that the judge would find him guilty of attempted second degree robbery, which "itself [would] be a serious felony strike conviction. . ."  Id. at 2:14-22.  Under section 1170.12, since

petitioner was convicted of a felony and had a prior strike felony conviction, he was entitled to no more than one-fifth credit on his sentence. His sentence was appropriately rendered.

Furthermore, petitioner entered his plea with the understanding that he would have to serve 80 percent of his sentence. An "intelligently made" plea "'entered by one fully aware of the direct consequences . . . must stand unless induced by threats . . . misrepresentation. . . or . . . by promises that are by their nature improper.'" Brady v. United States, 397 U.S. 742, 755-56 (1970) (quoting Shelton v. United States, 246 F.2d 571, 572 n.2 (5th Cir. 1957)). The transcript of the plea hearing plays a significant role in an inquiry into the validity of a plea:

> For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (citations omitted).

Here, the record shows that before petitioner pleaded no contest to the charges and admitted the prior convictions, the state trial court advised him of the direct consequences of his plea. At the time of his change of plea hearing, the court explained, and petitioner acknowledged his understanding, that as a result of his admission of a prior "strike" conviction he would have to serve 80 percent of his sentence:

> THE COURT: Okay. Now, Mr. Pope, you need to understand that because of the strike conviction, it causes a couple of things. It not only causes that sentence to be doubled, as we just discussed, but it requires that you serve 80 percent of this sentence as opposed to the 50 percent that folks often serve in State Prison.
>
> Do you understand that?
>
> THE DEFENDANT: Yes.

8

Petition, Ex. D at 2:3-10. Petitioner stated in open court that he understood the consequences of his plea and admissions. Id. The trial court judge accepted petitioner's pleas and admission, specifically finding "a knowing, voluntary, intelligent waiver of [petitioner's] rights." Id. at 5:6-7.

Petitioner was aware of the direct consequences of his plea and admissions in court. His claim is insufficient for habeas relief.

### 3. Use of Strike Convictions in Plea Agreements

Petitioner claims that his plea is invalid because "three strikes cases can't be used in plea agreements." Petition at 6, continuation page 2. This claim is without merit.

California Penal Code § 1170.12(e) provides that "[p]rior felony convictions shall not be used in plea bargaining, as defined in subdivision (b) of Section 1192.7." However, the same section provides that a "prosecuting attorney may move to dismiss or strike a prior felony conviction allegation in the furtherance of justice . . ." Cal. Penal Code § 1170.12(d)(2). Under California Penal Code § 667(a), "any person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately."

Here, rather than pursuing sentence enhancements for all of petitioner's prior felony convictions as mandated by section 667(a), the prosecution struck several of petitioner's prior convictions "in the furtherance of justice" in accordance with section 1170.12(d)(2). Even if the prosecution's plea offer amounts to "use" of a prior felony conviction in plea bargains in violation of section 1170.12(e), petitioner cannot show any prejudice, as the error worked in

9

his favor.

### 4. Prior Convictions in Abstract of Judgment

Petitioner claims that he is entitled to habeas relief because his abstract of judgment is inconsistent with his plea: "According to my 2004 change of plea the judge, D.A., my attorney, and me agreed on using priors 1, 2, & 4 to sentence me. My abstract of judgement says I was sentenced to priors 1, 2 & 3." Petition at 5, continuation p. 2. This claim is without merit.

As part of his plea of no contest to attempted second degree robbery, petitioner agreed to admit three prior serious felonies. Petition, Ex. D at 1-2. At the time of his change of plea, the sentencing judge summarized the prior convictions to which petitioner admitted as a condition of his plea agreement:

> He will . . . admit his first prior conviction as both a serious felony under 667(a) and a strike prior under 667(e). He'll admit his second prior conviction as a serious felony under 667(a) and his third prior conviction as a serious felony under 667(a).

Petition, Ex. D at 1. The judge then recited each of the three prior convictions, (1) a second degree robbery conviction on August 16, 1994, (2) a second degree robbery conviction on April 20, 1994, and (3) a first degree residential burglary on September 1, 1987. Id. at 5. These correspond to the first, second, and fourth prior convictions alleged in the complaint. Petition Ex. B at 1-2. The abstract of judgment lists three convictions used as enhancements to petitioner's sentence: "667(a) 1ST PRIOR," "667(a) 2ND PRIOR," and "667(a) 3RD PRIOR." Petition Ex. C.

It is not clear whether the numbering in the abstract of judgment corresponds to the prior convictions alleged in the complaint. But, the fact that the prior convictions are numbered 1, 2, and 3 in the abstract as opposed to 1, 2, and 4 is not meaningful. Even if the prior convictions listed in the abstract of judgment were not the convictions petitioner admitted to as part of his plea,

10

petitioner has failed to demonstrate any effect on his judgment or sentence as a result of the error. See 28 U.S.C. §§ 2241(c)(3), 2254(a). Because petitioner has neither proven any error in his abstract of judgment nor demonstrated any prejudice as a result of a potential error, this claim must be rejected.

### 5. Proof of Prior Convictions

Petitioner claims that his sentence is improper because the prior felony conviction enhancements were not proven by a jury. This claim is without merit.

Generally, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). But, the Supreme Court specifically exempted from this requirement enhancements based on "the fact of a prior conviction." Id; see also Jones v. United States, 526 U.S. 227, 249 (1999) (holding that no jury trial is necessary to prove the fact of a prior conviction because "a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees"). Prior convictions considered in sentencing are factors rather than elements of a crime, and thus need not be presented to a jury and proven beyond a reasonable doubt. United States v. Pacheco-Zepeda, 234 F.3d 411, 414-15 (9th Cir. 2001).

Even if his prior convictions had to be proven by a jury, petitioner waived a jury trial when he admitted his prior convictions as part of his plea. See Petition Ex. D at 1. After petitioner admitted three prior felony convictions, the judge asked, "Is there a factual basis for the plea and the admission?" Id. at 6. Petitioner's attorney Mr. Crofton responded, "There is." Id. Petitioner's own admissions as part of his plea make a jury trial as to the prior convictions unnecessary. See, e.g., Brady v. United States, 397 U.S. 742, 748, 757 (1970)

11

(holding that a guilty plea is "defendant's consent that judgment of conviction may be entered without a trial- a waiver of his right to trial before a jury or a judge" and that there is "no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged").

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED: Oct. 20, 2009

CHARLES R. BREYER
United States District Judge

G:\CRBALL\2007\0434\Habeas Order.wpd